KEE KAN, NG LAI, NG YEE, KONG YEE, KONG LUNG,. LOY HOCK LOCK and CHEN WAI, copartners doing business under the firm name of KWONG LEE YUEN & CO., v. THE MANCHESTER FIRE ASSURANCE. COMPANY.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED APRIL 2, 1904.　　　　　DECIDED JUNE 4, 1904.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

The Board of Health ordered the Fire Department to destroy by fire, because of infection by bubonic plague, the buildings within a certain described area. The engineer of the department before burning the condemned buildings set fire to three buildings in close proximity to but outside of the area named, from which three buildings the fire accidentally spread until it reached and destroyed property insured by the defendant. The policy provided that the insurer should not be liable for "loss caused directly or indirectly * * * by order of any civil authority." Held, that if the burning of the three buildings was necessary or was reasonably believed to be necessary to prevent the spread of the fire from the condemned block to the remainder of the city and if the fire was set for that purpose, the order of the Board of Health was the proximate cause of the loss of the insured property, within the meaning of the exception, and the insurer is not liable .

OPINION OF THE COURT BY PERRY, J.

Assumpsit for $750 on a contract of fire insurance. The buildings insured were situate on Maunakea street, between Hotel and King, and were destroyed in the conflagration of January 20, 1900. The defense was that the loss was caused directly or

indirectly by order of a civil authority, an excepted cause, and in support of that defense evidence was introduced tending to show that the fire which destroyed the plaintiffs' buildings spread from a fire started by order of the Board of Health of the Republic of Hawaii in that portion of Block 15 bounded by Kukui, Nuuanu and Beretania streets and the easterly side of the Kaumakapili Church premises and a line in continuation thereof to Kukui street. In rebuttal the plaintiffs adduced evidence tending to show that the fire had been started by the Chief Engineer of the Fire Department, or by his order, in a building, numbered 47 on a map of the locality in evidence, without the boundaries of the section ordered burned and that from that building or from two other buildings, numbered respectively 48 and 45 and also without the boundaries referred to, the fire spread to a steeple of the Kaumakapili Church and thence from building to building until it reached the plaintiffs' property. On motion the presiding judge directed a verdict for the plaintiffs on the ground that the loss was shown not to have been from an excepted cause. The main question before us is as to the correctness of this instruction.

The provision of the policy relied upon by the defendant is that "this company shall not be liable for loss caused directly or indirectly * * * by order of any civil authority." On January 19, 1900, the president of the Board of Health addressed to Andrew Brown, Fire Commissioner, the following communication: "You are hereby authorized by resolution of the Board of Health to destroy by fire all the structures within the limits of the area described as follows:" (description substantially as above) "all of these structures inclosed in the above boundaries having been condemned by the board as infected by plague and ordered destroyed by fire". The resolution referred to had been duly passed by the Board. The buildings within the designated area were all, or nearly all, destroyed by fire on January 20, 1900. If the fire within that area passed from building to building, unaided by any efficient, intervening cause, to the insured property, then the order of the Board of Health was the proxi-

mate cause of the loss of the plaintiffs' buildings.  *Hawaii Land Co. v. Ins. Co.,* 13 Haw. 164.  Whether the evidence at the trial was such as not to permit of a finding that the fire did so spread from that area, it is unnecessary to say.  The evidence did permit of and would have amply supported a finding that while the chief engineer started the fire in No. 47 and also set fire to Nos. 48 and 45 before setting fire to any of the buildings within the area, he did so for the purpose of creating a gap between that area and the rest of the town lying to the west and thus protecting the rest of the town from the fire which he had been ordered to start and which he knew he would start immediately afterwards.  The chief engineer is dead and was unable to testify himself as to the reasons which led him to start the fire where he did, but the evidence as to the careful disposition made by him beforehand of the engines and other apparatus of the department and other evidence in the case would clearly support the finding that his sole purpose was to carry out the order of the Board of Health with as little loss and danger as possible to the portions of the town not ordered destroyed.

If the chief engineer set fire to Nos. 47, 48 and 45, not in the execution of the order received, but to gratify ill will or hatred on his part against the owners of those buildings, then the fire so set or his act was an efficient intervening cause breaking the chain of connection between the order and the loss and the order would not be regarded in law as the cause of the loss. But, in our opinion, the authority to burn the designated area (that the Board of Health had color of authority to destroy condemned buildings by fire sufficient to constitute it a civil authority within the meaning of the policy, see *Haw. Land Co. v. Ins. Co., supra*) carried with it to the same extent the authority to do all acts reasonably necessary to execute the order or request and at the same time to protect to the greatest possible degree from a spread of the fire the remainder of the town; and if the burning of Nos. 47, 48 and 45 was reasonably necessary for those purposes or was reasonably supposed by the chief engineer, in good faith, to be necessary, the order of the Board of Health was

the direct and proximate cause of the burning of those three buildings and, by means of the chain thus established, the direct and proximate cause of the loss of the plaintiffs' building. That the engineer committed, if he did, an error of judgment as to the necessity for the preliminary burning, cannot break the chain of causation so far as this case is concerned, whatever the rule might be in an action by the owners against the engineer. Such error of judgment could not of itself constitute an efficient intervening cause or render the act of the engineer such.

The mere fact that the fire was started without the boundaries described could not of itself render the act of the person setting it an efficient, intervening cause. For example, if a small pile of wood had been made just without the line and against one of the buildings within the area and set on fire for the purpose of thus communicating the fire to the buildings within and from the heap of wood the fire had spread to the plaintiffs' buildings, could it be successfully denied that the order of the Board was the proximate cause of the loss? We think not. So also if in the place of buildings 47, 48 and 45 three heaps of tree trimmings or other rubbish had stood, and these had been deemed a menace, if allowed to remain, as a means of spreading the fire about to be started to the portion of the city to the west and had been for that reason burned, and the fire had spread therefrom to plaintiffs' buildings, would not the order of the Board be the proximate cause of the loss? We think it would.

What the result would be if numbers 47, 48 and 45 were burned by mistake, on the supposition that they were within the designated area it is unnecessary to say at this time. In accordance with the foregoing views the evidence permitted of a verdict for the defendant and for that reason the direction to find for the plaintiffs was erroneous. The other exceptions need not be considered. The verdict is set aside and a new trial ordered.

*Hatch & Ballou* for plaintiffs.

*Robertson & Wilder* for defendants.

### CONCURRING OPINION OF FREAR, C.J.

I will add a little to the foregoing. As pointed out in *Hawaii Land Co. v. Lion F. Ins. Co.,* 13 Haw. 164, the proximate cause cannot be determined solely by abstract or scientific reasoning on causal relations or solely by reasoning by analogy from the law of torts. This is an action of contract and what is the proximate cause depends on the intention of the parties as shown by the contract construed in the light of circumstances and it is a matter of considerable importance what the cause insured against is and what the excepted cause is. It is immaterial within certain limits whether the order of the board of health was strictly legal or not or whether, if the board or the Territory were suable in tort, they would be liable to any of the parties injured. It is also immaterial for the purposes of this case whether the property first set on fire without the condemned area consisted of valuable buildings of innocent third parties or of mere heaps of rubbish. In cases of this kind the first of two alleged causes may be the proximate cause although there is no physical connection between the two and the second is set in motion merely to prevent the anticipated consequences of the operation of the first. For instance, in *Insurance Co. v. Boon,* 95 U. S. 117, in which the risk was fire and the exception invasion or usurped power (not merely directly or indirectly by invasion but "by means of" invasion), the rebel forces were attacking the city when the commander of the Union forces ordered an officer to destroy the military stores to prevent them from falling into the hands of the enemy. The officer destroyed them by setting fire to the city hall in which they were stored and the fire spread from one building to another until the insured building was burned—all before the enemy entered the city. It was held that the invasion, not the order of the commander, nor the act of the officer in destroying by burning rather than in some other way, was the proximate cause and that the loss therefore was within the exception and the insurance company not liable. See also cases cited in that case. In one of them, in which the captain

burned his ship to prevent her capture by the public enemy, it was held that the fire was caused by the enemy. If it had been caused by the captain, there could have been no recovery. Similarly, where a captain threw overboard a quantity of money to prevent its falling into the hands of the enemy. In such cases the immediate act or cause is regarded as done or occasioned *ex justa causa* and the more remote is considered as the *causa causans* which set in motion the agency that contributed to the destruction or which created the necessity for the immediate act or cause.

In the present case we must assume as a fact that in pursuance of the order of the board the buildings in the condemned area were to be burned and also that they were to be burned at that time. If that required the burning of the three outside buildings in order to prevent the spread of the fire to another section of the city, the order was the proximate cause of such burning, if such burning was for that purpose. That of course would be true if the outside buildings were burned for that purpose after instead of before the condemned buildings were set on fire. They could be burned before as well as after for that purpose. That is, assuming that the fire department would have acted under the order of the board if it had burned the condemned buildings at that time without first burning the outside buildings and that such outside buildings and another section of the city would probably have been burned by the spread of the fire, the order of the board could be considered the proximate cause of the burning of the outside buildings if they were burned separately either before or after the firing of the condemned buildings in order to prevent such spread of fire. Thus it cannot be said as matter of law that the burning of the outside buildings by the fire department was an intervening independent self-operating efficient cause and it was error to direct a verdict on that theory.

### CONCURRING OPINION OF GALBRAITH, J.

I concur in the order sustaining the exception to the direction

of the verdict for the reason that, in my opinion, there was sufficient evidence to support a verdict for the defendant; hence taking the case from the jury and directing a verdict for the plaintiff was error.